CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ANGEL CUSTODIO POBLANO
MENDOZA, *individually and on behalf of*
*others similarly situated,*

                       *Plaintiff*,

          -against-

118 HARLEM BURGER CO., LLC (D/B/A
HARLEM BURGER CO.) and UYANIK
ALPER,

                      *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Angel Custodio Poblano Mendoza ("Plaintiff Poblano" or "Mr. Poblano"), individually and on behalf of others similarly situated, by and through his attorneys, CSM Legal, P.C., upon his knowledge and belief, and as against 118 Harlem Burger Co., LLC (d/b/a Harlem Burger Co.), ("Defendant Corporation") and Uyanik Alper, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.     Plaintiff Poblano is a former employee of Defendants 118 Harlem Burger Co., LLC (d/b/a Harlem Burger Co.) and Uyanik Alper.

2.     Defendants own, operate, or control an American Restaurant, located at 2190 Frederick Douglass Blvd, New York, NY 10026 under the name "Harlem Burger Co.".

3.      Upon information and belief, individual Defendant Uyanik Alper, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Poblano was employed as a cook, cashier, and general cleaner at the restaurant located at 2190 Frederick Douglass Blvd, New York, NY 10026.

5.      At all times relevant to this Complaint, Plaintiff Poblano worked for Defendants in excess of 40 hours per week, without appropriate overtime and spread of hours compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Poblano appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiff Poblano the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.      Defendants' conduct extended beyond Plaintiff Poblano to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Poblano and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

10.      Plaintiff Poblano now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the

"Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Poblano seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Poblano's state law claims under 28 U.S.C. § 1367(a).

13.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an American Restaurant located in this district. Further, Plaintiff Poblano was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.     Plaintiff Angel Custodio Poblano Mendoza ("Plaintiff Poblano" or "Mr. Poblano") is an adult individual residing in New York County, New York.

15.     Plaintiff Poblano was employed by Defendants at Harlem Burger Co from approximately April 2020 until on or about April 10, 2022.

16.     Plaintiff Poblano consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.     At all relevant times, Defendants owned, operated, or controlled an American Restaurant located at 2190 Frederick Douglass Blvd, New York, NY 10026 under the name "Harlem Burger Co.".

18.     Upon information and belief, 118 Harlem Burger Co., LLC (d/b/a Harlem Burger Co.) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2190 Frederick Douglass Blvd, New York, NY 10026.

19.     Defendant Uyanik Alper is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Uyanik Alper is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Uyanik Alper possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Poblano, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

20.     Defendants operate an American Restaurant located in a neighborhood in Manhattan.

21.     Individual Defendant, Uyanik Alper, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

22.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23.     Each Defendant possessed substantial control over Plaintiff Poblano's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Poblano, and all similarly situated individuals, referred to herein.

24.     Defendants jointly employed Plaintiff Poblano (and all similarly situated employees) and are Plaintiff Poblano's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

25.     In the alternative, Defendants constitute a single employer of Plaintiff Poblano and/or similarly situated individuals.

26.     Upon information and belief, Individual Defendant Uyanik Alper operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

  a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

  b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

  c)  transferring assets and debts freely as between all Defendants,

  d)  operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e)  operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of his own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

27.    At all relevant times, Defendants were Plaintiff Poblano's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Poblano, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Poblano's services.

28.    In each year from 2020 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

30.    Plaintiff Poblano is a former employee of Defendants who was employed as a cook and cashier.

31.    Plaintiff Poblano seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Angel Custodio Poblano Mendoza*

32.     Plaintiff Poblano was employed by Defendants from approximately April 2020 until on or about April 10, 2022.

33.     Defendants employed Plaintiff Poblano as cook, cashier, and general cleaner.

34.     Plaintiff Poblano regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

35.     Plaintiff Poblano's work duties required neither discretion nor independent judgment.

36.     Throughout his employment with Defendants, Plaintiff Poblano regularly worked in excess of 40 hours per week.

37.     From approximately April 2020 until on or about April 10, 2022, Plaintiff Poblano worked from approximately 10:30 a.m. until on or about 1:30 a.m. or 2:00 a.m. on Monday, Tuesday, Friday, and Saturday. Throughout his employment, Plaintiff Poblano also worked an additional shift on Sundays from 10:30 a.m. until on or about 1:30 a.m. or 2:00 a.m. two to three times per month (typically 75 to 77.50 hours per week).

38.     For approximately 3 weeks throughout his employment, Plaintiff Poblano worked from 10:30 a.m. until on or about 12:30 a.m. 7 days a week (typically 98 hours per week).

39.     Throughout his employment, Defendants paid Plaintiff Poblano his wages in a combination of check, cash, and direct deposit.

40.     From approximately April 2020 until on or about April 2021, Defendants paid Plaintiff Poblano $16.00 per hour.

41.     From approximately May 2021 until on or about September 2021, Defendants paid Plaintiff Poblano $17.00 per hour.

42.     From approximately November 2021 until on or about April 10 2022, Defendants paid Plaintiff Poblano $18.00 per hour.

43.     Plaintiff Poblano's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

44.     For example, Defendants required Plaintiff Poblano to work an additional 2 hour past his scheduled departure time every day, and did not pay him for the additional time he worked.

45.     Defendants never granted Plaintiff Poblano any breaks or meal periods of any kind.

46.     Although Plaintiff Poblano was required to keep track of his time, his paystubs did not indicate the correct number of hours that he worked.

47.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Poblano regarding overtime and wages under the FLSA and NYLL.

48.     Defendants did not provide Plaintiff Poblano an accurate statement of wages, as required by NYLL 195(3).

49.     In fact, Plaintiff believes Defendants adjusted Plaintiff Poblano's paystubs so that they reflected inaccurate wages and hours worked.

50.     Defendants did not give any notice to Plaintiff Poblano, in English and in Spanish (Plaintiff Poblano's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

51.     Defendants required Plaintiff Poblano to purchase "tools of the trade" with his own funds—including uniforms, particularly hats, t-shirts, and shoes.

*Defendants' General Employment Practices*

52.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Poblano (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate spread of hours pay and overtime compensation as required by federal and state laws.

53.     Plaintiff Poblano was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

54.     Defendants habitually required Plaintiff Poblano to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

55.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Poblano worked.

56.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

57.     Defendants paid Plaintiff Poblano his wages in a combination of check, cash, and direct deposit.

58.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

59.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Poblano (and similarly situated individuals) worked, and to avoid paying Plaintiff Poblano properly for his full hours worked.

60.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

61.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Poblano and other similarly situated former workers.

62.     Defendants failed to provide Plaintiff Poblano and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

63.     Defendants failed to provide Plaintiff Poblano and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

64.      Plaintiff Poblano brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

65.     At all relevant times, Plaintiff Poblano and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and

have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

66.     The claims of Plaintiff Poblano stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

67.     Plaintiff Poblano repeats and realleges all paragraphs above as though fully set forth herein.

68.     At all times relevant to this action, Defendants were Plaintiff Poblano's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Poblano (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

69.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

70.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

71.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Poblano (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

72.     Defendants' failure to pay Plaintiff Poblano (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

73.     Plaintiff Poblano (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

74.      Plaintiff Poblano repeats and realleges all paragraphs above as though fully set forth herein.

75.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Poblano overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

76.     Defendants' failure to pay Plaintiff Poblano overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

77.     Plaintiff Poblano was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

78.      Plaintiff Poblano repeats and realleges all paragraphs above as though fully set forth herein.

79.     Defendants failed to pay Plaintiff Poblano one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Poblano's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

80.     Defendants' failure to pay Plaintiff Poblano an additional hour's pay for each day Plaintiff Poblano's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

81.     Plaintiff Poblano was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

82.      Plaintiff Poblano repeats and realleges all paragraphs above as though fully set forth herein.

83.     Defendants failed to provide Plaintiff Poblano with a written notice, in English and in Spanish (Plaintiff Poblano's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

84.     Defendants are liable to Plaintiff Poblano in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

85.     Plaintiff Poblano repeats and realleges all paragraphs above as though fully set forth herein.

86.     With each payment of wages, Defendants failed to provide Plaintiff Poblano with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

87.     Defendants are liable to Plaintiff Poblano in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

88.     Plaintiff Poblano repeats and realleges all paragraphs above as though fully set forth herein.

89.     Defendants required Plaintiff Poblano to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform  his job, further reducing  his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

90.     Plaintiff Poblano was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Poblano respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Poblano and the FLSA Class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Poblano's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Poblano and the FLSA Class members;

(e)     Awarding Plaintiff Poblano and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Poblano and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Poblano;

(h)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Poblano;

(i)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Poblano's compensation, hours, wages and any deductions or credits taken against wages;

(j)      Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Poblano;

(k)     Awarding Plaintiff Poblano damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(l)      Awarding Plaintiff Poblano damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)    Awarding Plaintiff Poblano liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)     Awarding Plaintiff Poblano and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o)      Awarding Plaintiff Poblano and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by

fifteen percent, as required by NYLL § 198(4); and

    (q)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

    Plaintiff Poblano demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

       July 5, 2022

                         CSM Legal, P.C

               By:        /s/ Catalina Sojo, Esq.
                         Catalina Sojo [CS-5779517]
                         60 East 42nd Street, Suite 4510
                         New York, New York 10165
                         Telephone: (212) 317-1200
                         Facsimile: (212) 317-1620
                         *Attorneys for Plaintiff*

# CSM Legal, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

May 26, 2022

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Angel Custodio  Poblano  Mendoza

Legal Representative / Abogado:     CSM Legal, P.C.

Signature / Firma:              _____

Date / Fecha:              26 Mayo 2022 _____

*Certified as a minority-owned business in the State of New York*